Sager v Frontpage Invs.
2026 NY Slip Op 02686
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Christopher Sager, respondent,
v
Frontpage Investments, etc., defendant, Drexel University, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2022-05389, (Index No. 601516/19)
Betsy Barros, J.P.
Angela G. Iannacci
Helen Voutsinas
Susan Quirk, JJ.

Biedermann Hoenig Semprevivo, a Professional Corporation, New York, NY (Mary Catherine Mullen and Simon Kahng of counsel), for appellant.
Rosner Russo Shahabian, PLLC (McGiff Halverson Dooley LLP, Patchogue, NY [Daniel J. O'Connell], of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Drexel University appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered June 20, 2022. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Drexel University for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff allegedly was injured in the course of his employment at Jaidan Industries (hereinafter Jaidan) when a machine that was being transported on a forklift, as well as a crane piece that was lifting the machine, fell from the forklift and landed on his foot. At the time of the accident, the forklift was being operated by two students of the defendant Drexel University (hereinafter Drexel) who were participating in the Drexel Cooperative Education Program (hereinafter the co-op), which permits students to apply for and obtain paid work experience with participating employers for a period of up to six months.
Following the accident, the plaintiff commenced this action to recover damages for personal injuries against Drexel and another defendant. The plaintiff alleged that Drexel was vicariously liable for the negligence of the two students in operating the forklift. After discovery, Drexel moved for summary judgment dismissing the complaint insofar as asserted against it. By order entered June 20, 2022, the Supreme Court denied the motion. Drexel appeals.
"Typically, 'liability in negligence is . . . premised on a defendant's own fault, not the wrongdoing of another person'" (Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257, quoting Feliberty v Damon, 72 NY2d 112, 117). "Under the doctrine of vicarious liability, however, liability for another person's wrongdoing is imputed to the defendant" (id.). "This doctrine 'rests in part on the theory that—because of an opportunity for control of the wrongdoer, or simply as a matter of public policy loss distribution—certain relationships may give rise to a duty of care, the breach of which can indeed be viewed as the defendant's own fault'" (id., quoting Feliberty v [*2]Damon, 72 NY2d at 118). Here, the plaintiff posited that Drexel was vicariously liable for the students' negligence because Drexel functioned as the students' employer or because the students were Drexel's agents.
"The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results" (Rivera v Fenix Car Serv. Corp., 81 AD3d 622, 623; see Brielmeier v Leal, 226 AD3d 955, 956-957). "[I]ncidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship" (Matter of Ted Is Back Corp. [Roberts], 64 NY2d 725, 726; see D.S. v Positive Behavior Support Consulting & Psychological Resources, P.C., 197 AD3d 518, 520). "A principal-agent relationship may be established by evidence of the 'consent of one person to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act'" (Fils-Aime v Ryder TRS, Inc., 40 AD3d 917, 918, quoting Maurillo v Park Slope U-Haul, 194 AD2d 142, 146).
In the present case, Drexel demonstrated, prima facie, that it lacked the requisite control over the students' work and conduct during their employment with Jaidan to give rise to either an employer-employee or principal-agent relationship. Drexel's evidence demonstrated that it provided an online recruiting platform on which students searched job descriptions submitted by participating employers and applied for jobs with those employers. Drexel also required that students work 32 hours per week to receive academic credit for the co-op, that students follow Drexel's code of conduct during the co-op, and that students complete a survey at the end of the co-op to report on their experience. However, the co-op employers decided whether to hire a particular student, paid the co-op students' salaries, and provided IRS documents. Additionally, employers set the students' work schedule and were responsible for supervising and training the students. While participating employers were encouraged to communicate with Drexel if there were performance issues so that Drexel could provide support, the participating employer had the authority to terminate the students' employment. During the time that the students worked at their co-op location, they would have little to no contact with Drexel, which, in the case of the students at issue here, was located approximately 130 miles from where the students were living and working for Jaidan.
Under these circumstances, Drexel demonstrated, prima facie, that any control it retained over the students' work and conduct was incidental and insufficient to impose vicarious liability upon it (see America/Intl. 1994 Venture v Mau, 146 AD3d 40, 55; Meehan v County of Suffolk, 144 AD3d 640, 641; see also Malone v County of Suffolk, 128 AD3d 651, 653). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted Drexel's motion for summary judgment dismissing the complaint insofar as asserted against it.
BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court